The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 *************
The parties entered into a Form 21 Agreement with respect to plaintiff's compensable injury on 10 January 1990, in I.C. Number 038213, which was approved by the Commission. The previous Opinion and Award of Deputy Commissioner Tamara R. Nance, filed 20 February 1992 in I.C. Number 046734 with respect to plaintiff's injury by accident on 10 May 1990, is incorporated herein by reference.
Additionally, the Opinions and Awards of Deputy Commissioner Morgan S. Chapman, filed 17 February 1994 and affirmed and adopted by the Full Commission in an Opinion and Award by Deputy Commissioner J. Harold Davis sitting as a Commissioner filed 28 July 1994 with respect to I.C. Numbers 038213 and 046734 are incorporated herein by reference.
 *************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 10 January 1990 and 10 May 1990 an employment relationship existed between plaintiff-employee and defendant-employer.
3. The plaintiff's average weekly wage on those dates was $162.00 per week.
4. National Union Fire Insurance Company is the carrier at risk in this matter with Crawford and Company as the servicing agent.
5. Plaintiff's medical records from Guilford Orthopaedic 
Sports Medicine Center, Dr. Vincent Paul, are admitted as Stipulated Exhibit #1.
6. Plaintiff's medical records from Duplin Home Care and Hospice are admitted as Stipulated Exhibit #2.
7. Plaintiff's medical records from Dr. Howard Grotsky are admitted as Stipulated Exhibit #3.
8. Plaintiff's medical records from Moses Cone Hospital are admitted as Stipulated Exhibit #4.
9. Plaintiff's medical records from New Hanover Regional Medical Center are admitted as Stipulated Exhibit #5.
10. Plaintiff's medical records from Duplin General Hospital are admitted as Stipulated Exhibit #6.
11. Plaintiff's medical records from Cape Fear Memorial Hospital are admitted as Stipulated Exhibit #7.
12. The issues to be determined by this hearing are whether plaintiff has sustained a change of condition, what benefits if any is she entitled to, and what medical treatment is necessary and reasonable.
 *************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 10 January 1990 plaintiff was a 36-year old female employed by defendant-employer as a nurse's aide. On that date plaintiff sustained a compensable injury when she was kicked in the knee by a patient. As a result of her compensable injury plaintiff underwent surgery on 24 April 1990 to repair a tear of the cruciate ligament in her knee. Dr. Glassen of Kinston performed this surgery.
2. Plaintiff was released to return to work 8 May 1990 and on 10 May 1990 plaintiff suffered another compensable injury to her back, right hand and both legs when she slipped and fell in water on the floor. Plaintiff has not worked since that date.
3. As a result of plaintiff's compensable injuries, defendants provided treatment to plaintiff by Dr. Scully, Dr. Fishman, Dr. Grotsky, Dr. Kragh, Dr. Glassen, as well as vocational training and assessment.
4. As a result of plaintiff's compensable injury, she sustained a twenty-five percent (25%) permanent partial disability to her left leg. Plaintiff has been fully compensated for this disability pursuant to an Opinion and Award by the Full Commission, filed 28 July 1994.
5. Plaintiff filed a Form 33 for a change of condition and additional medical treatment 31 August 1994. This hearing is in the matter of that Form 33.
6. Without prior authorization from defendant-employer or the carrier, plaintiff sought medical care from Dr. Vincent Paul in Greensboro. Plaintiff did not return to her previous treating physicians who were located closer to her home in Wilmington because she did not want defendants' nurse to accompany her to the doctor.
7. Plaintiff first sought treatment from Dr. Paul on 20 April 1994. Although she indicated she had suffered an on the job injury in 1990, she provided her personal health insurance information to Dr. Paul and this insurance was billed for her treatment.
8. Dr. Paul performed arthroscopic surgery on both plaintiff's knees on 31 May 1994 as well as a right carpal tunnel release. The left knee surgery was to repair a meniscus tear attributed to degenerative arthritis. The right knee surgery consisted of shaving the lateral meniscus.
9. On 27 September 1994 Dr. Paul performed a total left knee replacement; again Dr. Paul cited degenerative joint diseases as the attributing factor.
10. Defendants did not authorize Dr. Paul's treatment. The defendants had not refused plaintiff treatment with her authorized physicians, who were orthopaedic surgeons, like Dr. Paul, but closer to her residence. The defendants learned plaintiff had gone ahead with the surgery after it was performed, and thus deprived the defendants from seeking another opinion.
11. The plaintiff sought treatment from Dr. Paul in Greensboro because she did not desire any input or interference by defendants in the treatment of her compensable injuries. There is insufficient evidence of record to determine Dr. Paul was more specialized in plaintiff's needs than the other orthopaedic surgeons who defendant had provided for plaintiff. Dr. Paul's credentials are comparable with plaintiff's prior treating physicians. There is insufficient evidence of record to determine plaintiff's prior physicians' treatment of plaintiff's knees was inadequate.
12. Plaintiff's disability rating has not increased since her rating in 1992 and her symptoms essentially remain the same, with deep knee squatting her only restriction.
13. Plaintiff is not totally disabled, has been released to work in a sedementary type position and her wage-earning condition is unchanged since the 1994 Opinion Award by the Full Commission.
14. The plaintiff has failed to establish by the greater weight of the evidence that plaintiff's right carpal tunnel release is causually related to plaintiff's compensable injuries.
15. The plaintiff has failed to establish by the greater weight of the evidence that she sought approval by the Industrial Commission for the unauthorized medical treatment within a reasonable time after she selected the providers, which should have been prior to any surgeries.
16. Plaintiff has failed to establish by the greater weight of the evidence that she has suffered a change of condition pursuant to N.C. Gen. Stat. § 97-47.
 *************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish that she had sustained a change of condition within the meaning of N.C. Gen. Stat. § 97-47 or that the carpal tunnel condition and its treatment are causally related to plaintiff's compensable injuries. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff is entitled to have defendants provide all medical compensation arising from her compensation arising from her compensable injury on 10 January 1990 and 10 May 1990. However, she is not entitled to have defendants provide unauthorized treatment. Therefore, treatment by Dr. Paul is not the responsibility of defendants. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25; Hyler v. GTE Products Company, 333 N.C. 258,425 S.E.2d 698 (1993).
 *************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. No additional compensation is awarded.
2. Defendants shall pay all medical expenses incurred by plaintiff from authorized physicians as a result of her injuries by accident, with the exception of the medical treatment rendered by Dr. Paul.
3. Defendants shall pay the costs.
This the ___ day of May 1998.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ KIM CRAMER DEPUTY COMMISSIONER